UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ANTHONY MITCHELL,                    )
  Petitioner                        )
                                 )
          v.                     )    Civil Action No. 05-30122-MAP
                                 )
UNITED STATES OF AMERICA,             )
  Respondent                        )

MEMORANDUM AND ORDER REGARDING
PETITIONER'S MOTION TO VACATE, SET ASIDE OR CORRECT
SENTENCE PURSUANT TO 28 U.S.C. § 2255
(Docket No. 1

October 31, 2005

PONSOR, D.J.

      This is a petition pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct a sentence.  The petitioner pled guilty on April 26, 2004 to conspiracy to distribute five grams or more of cocaine base and to actual distribution of cocaine base.  He has now filed this petition on the ground primarily that his attorney was ineffective, and on several other grounds.

      For the reasons set forth in the government's responsive memorandum (Docket No. 5), the petitioner's Motion to Vacate will be denied and the file ordered closed.

      First, with regard to the claims other than ineffective assistance of counsel, the petitioner has defaulted.  These claims were not raised in a timely fashion and may not be

raised through this <u>habeas</u> <u>corpus</u> petition.[1]

As for the claim of ineffective assistance of counsel, the record establishes clearly that the petitioner's attorney performed in a manner that was well within the "wide range of reasonable professional assistance." <u>Singleton v. United States</u>, 26 F.3d 233, 238 (1st Cir. 1994). The petitioner was videotaped participating in the drug transaction. No <u>ex parte</u> motion for voice identification would have in any way undercut this compelling evidence. The court's colloquy with the petitioner at the time of the plea confirmed that the petitioner fully understood the charges against him and had had the nature of the charges explained to him by counsel. The factual basis for the guilty plea was set forth in detail during the plea proceeding. Petitioner's counsel did not file an appeal because there simply was no basis for an appeal.

For the foregoing reasons, the petitioner's motion pursuant to 28 U.S.C. § 2255 is hereby DENIED, and the petition is hereby ordered DISMISSED. This case may now be closed.

It is So Ordered.


                              /s/ Michael A. Ponsor
                              MICHAEL A. PONSOR
                              U. S. District Judge

_____

[1] It is worth noting that, in addition to the procedural default, the grounds for relief also lack merit substantively.

2